IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTONIO M. ATCHLEY,

      Petitioner,

      v.

UNITED STATES OF AMERICA,

      Respondent.

CASE NO. 2:13-CV-01276
CRIM. NO. 2:11-CR-262
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

ORDER and
REPORT AND RECOMMENDATION

Petitioner Antonio M. Atchley files the instant *Motion to Vacate under 28 U.S.C. § 2255* and *Memorandum of Law Supporting § 2255 Motion* ("*Memorandum in Support*"). This matter is before the Court on the *Motion to Vacate* and *Memorandum in Support*, Respondent's *Response*, Petitioner's *Reply,* and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

Petitioner's request for an evidentiary hearing is **DENIED**.

**Facts and Procedural History**

On July 12, 2012, pursuant to the terms of his *Plea Agreement*, Petitioner pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. §§ 841(a) (1); 924(c) (1) (A) (i). *Plea Agreement* (ECF No. 23.) On January 25, 2013, the Court imposed a sentence of 60 months of incarceration. *Judgment* (ECF No. 35.) Thereafter, Petitioner filed the instant *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 45). He asserts that he was denied the effective assistance of counsel because his attorney failed to file a motion to suppress evidence. It is the position of the Respondent that this claim lacks merit.

**Standard of Review**

To obtain relief under 28 U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). Apart from constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice,' " *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428–429 (1962); *see also Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006). Claims of a non-constitutional dimension not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process. Mistakes in the application of the sentencing guidelines will rarely, if ever, warrant relief from the consequences of waiver. *Grant v. United States,* 72 F.3d 503, 506 (6th Cir. 1996).

It is well-established that a § 2255 motion "is not a substitute for a direct appeal." *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims on direct appeal or (2) that he is "actually innocent" of the crime. *Ray*, 721 F.3d at 761 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)

(internal citations omitted). "To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *Frady,* 456 U.S. at 166.

**Ineffective Assistance of Counsel**

"In all criminal prosecutions," the Sixth Amendment affords "the accused . . . the right . . . to Assistance of Counsel for his defence." U.S. Const. amend. VI. "Only a right to 'effective assistance of counsel' serves the guarantee." *Couch v. Booker*, 632 F.3d 241, 245 (6th Cir. 2011) (citation omitted).

The United States Supreme Court set forth the legal principals governing claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 556 (1984). *Strickland* requires a petitioner claiming ineffective assistance of counsel to demonstrate that his counsel's performance was deficient and that he suffered prejudice as a result. 466 U.S. at 687; *Hale v. Davis*, 512 F. App'x 516, 520 (6th Cir. 2013). A petitioner "show[s] deficient performance by counsel by demonstrating 'that counsel's representation fell below and objective standard of reasonableness.'" *Poole v. MacLaren*, No. 12-1705, --- F. App'x ----, 2013 WL 6284355, at *5 (6th Cir. Dec. 5, 2013) (quoting *Davis v. Lafler*, 658 F.3d 525, 536 (6th Cir. 2011) (internal quotation marks omitted) and citing *Strickland*, 466 U.S. at 687). To make such a showing, a petitioner "must overcome the 'strong [] presum[ption]' that his counsel" rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Poole*, 2013 WL 6284355 at *5 (quoting *Strickland*, 466 U.S. at 687). "To avoid the warping effects of hindsight, [courts must] 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Bigelow v. Haviland*, 576 F.3d 284, 287 (6th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689).

To satisfy the second *Strickland* prong, prejudice, a petitioner "must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Hal*e, 512 F. App'x at 520 (quoting *Strickland*, 466 U.S. at 694). "This means [a petitioner] must show a 'substantial, not just a conceivable, likelihood of a different result.'" *Id*. (quoting *Pinholster*, 131 S.Ct. at 1403 (internal quotation marks and citation omitted)). Petitioner has failed to meet that burden here.

Petitioner asserts the denial of the effective assistance of counsel based on his attorney's failure to file a motion to suppress regarding the evidence seized during an inventory search of his truck. He has attached a police report in support of his *Motion.* The report indicates that on November 5, 2007, at 2:26 a.m., police stopped Petitioner for failing to signal while changing lanes. (ECF No. 46, PageID# 152.) Police placed Petitioner under arrest for driving with a suspended license. Upon a search incident to arrest, police found $541.00 in his pocket. Police removed the passenger from the truck and conducted an inventory search for impoundment. Inside the vehicle, police found $816.00 in "numerous compartments" and in an open bag on the front seat, and a 9 mm. loaded handgun, two bags of marijuana, two bags of cocaine, a digital scale, and a box of sandwich bags inside of the center console. PageID# 152-53.

Petitioner argues that his attorney improperly urged him to accept a guilty plea without filing a motion to suppress evidence. He maintains that the search of his truck without a warrant was *per se* invalid. Petitioner contends that the police unreasonably refused to permit his girlfriend, who had a valid driver's license, to take custody of the truck. He argues that a police policy that refuses to permit the release of a vehicle to a licensed passenger in lieu of impoundment is constitutionally invalid. *Memorandum  in Support* (ECF No. 46.)

4

"It is settled law that the police may conduct an inventory search of an automobile that is being impounded without running afoul of the Fourth Amendment." *United States v. Jackson,* 682 F.3d 448, 455 (6th Cir. 2012) (citing *United States v. Smith*, 510 F.3d 641, 650 (6th Cir. 2007)). "Vehicle inventory searches are an exception to the Fourth Amendment's probable cause requirement and are valid if conducted in accordance with standard police procedures." *United States v. Ballard,* 432 F. App'x 553, 556 (6th Cir. 2011) (citing *Colorado v. Bertine*, 479 U.S. at at 371–72; *United States v. Harvey*, 16 F.3d 109, 112 (6th Cir. 1994)). Inventory searches "'serve to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger.'" *United States v. Smith*, 510 F.3d 641, 650–51 (6th Cir. 2007) (quoting *United States v. Lumpkin*, 159 F.3d 983, 987 (6th Cir. 1998). "An inventory search must proceed pursuant to 'standardized criteria' or 'established routine' in order to protect against the use of inventory searches as 'a ruse for a general rummaging in order to discover incriminating evidence.' " *United States v. Thompson-Bey,* No. 3:09-cr-64, 2010 WL 2711105, at *9 (E.D. Tenn. Jan. 12, 2010) (citing *Florida v. Wells*, 495 U.S. 1, 4 (1990)). The "procedures may be written, but established unwritten procedures are also sufficient." *United States v. Agofsky*, 20 F.3d 866, 873 (8th Cir. 1994) (citing *United States v. Lowe*, 9 F.3d 43, 46 (1993)). An officer's suspicion of contraband will not defeat an otherwise proper inventory search. *United States v. Smith,* 510 F.3d at 651 (6th Cir. 2007); *Lumpkin*, 159 F.3d at 987. Police may exercise their discretion so long as it is exercised according to standard criteria and not on suspicion of evidence of criminal activity. *Hockenberry*, 730 F.3d at 658 (citing *Jackson,* 682 F.3d at 454 (citations omitted) (internal quotation marks omitted); *United States v. Kimes*, 246 F.3d 800, 805 (6th Cir. 2001). Moreover, police do not have to offer a motorist an alternative means of removing a vehicle that

will avoid the need to tow it and conduct an inventory search. *Colorado v. Bertine*, 479 U.S. 367, 371–72 (1987). "[A]n impoundment decision will not be impermissible simply because alternatives to impoundment might exist." *Hockenberry,* at 658-59 (citations omitted).

For example, in *United States v. Kimes*, 246 F.3d 800 (6th Cir. 2001), the United States Court of Appeals for the Sixth Circuit rejected the argument that police had a duty to call the arrestee's wife and ask her to get the vehicle rather than conduct an inventory search, even though police sometimes permitted friends or relatives to take custody of a vehicle. *Id*. at 805. In *United States v. Ballard*, 432 F. App'x 553, 556 (6th Cir. 2011), the Sixth Circuit upheld a police inventory search where policy required impoundment of all vehicles being operated by a driver whose license had been suspended for failure to provide proof of financial responsibility and law officials prohibited removal of that vehicle by a third party.

In *United States v. Duguay*, 93 F.3d 346, 381 (7th Cir. 1996), referred to by Petitioner, the Seventh Circuit Court of Appeals excluded evidence obtained from an inventory search where police had no standardized policy and failed to articulate a legitimate rational to justify impoundment. The Seventh Circuit stated, "impoundment based solely on an arrestee's status as a driver, owner, or passenger is irrational and inconsistent with 'caretaking' functions" of police and was constitutionally invalid. *Id*.

In *Schroeder v. City of Brynes Mill*, No. 4:07CV1661 SNLJ, 2009 WL 1176295 (E.D. Mo. May 1, 2009), the court denied the defendant's motion for summary judgment on a Fourth Amendment claim involving the seizure of an arrestee's vehicle where her nephew, a licensed driver, was present and was willing to take custody of the vehicle, discussing the issue as follows:

> This Court has found no case that directly addressed a situation like that in this case where the car was located on the shoulder of a

> public roadway and there was an alternative driver present. Still, relevant cases mention the presence of another driver as a factor in determining the reasonableness of an impoundment. *See U.S. v. Duguay*, 93 F.3d 346 (7th Cir.1996) (impoundment unreasonable where vehicle was parked in a lot, plaintiff was not the driver, and plaintiff had already exited the vehicle and was heading toward an apartment when arrested); *U.S. v. Pappas*, 735 F.2d 1232, 1234 (10th Cir.1984) (impoundment held unreasonable where vehicle was parked on private property and there was another licensed driver present); *cf U.S. v. Skillern*, 947 F.2d 1268 (5th Cir. 1991) (holding that the Fourth Amendment does not require the police to offer defendants the opportunity to call someone to pick up the vehicle as an alternative to impoundment). The plaintiff also cites *U.S. v. Petty*, 367 F.3d 1009 (8th Cir. 2004), for the proposition that the caretaking function of police can be satisfied if the vehicle can be left in the custody of another driver. As defendants note, in *Petty* the Eighth Circuit held the impoundment reasonable but, unlike the case at hand, the Court noted there was no one present who was willing to take custody of the vehicle. *Id*.
>
> Despite the fact that, under *Bertine*, the police need not choose the least intrusive means, the police still must act in a manner that is reasonable under the circumstances. Byrnes Mill's Police Department had a policy that all vehicles be towed after an arrest where an owner of the vehicle is not present and able to take responsibility for the vehicle. This may be a reasonable course of action in most situations, but the defendants have failed to show that it was reasonable in this situation in which plaintiff requested that her nephew, a licensed driver present at the time of arrest, take responsibility for the car. This Court is unconvinced that Chief Locke's actions were reasonable under the circumstances and, as such, summary judgment cannot be granted on plaintiff's Fourth Amendment claim for the seizure of her vehicle.

Id. at *3.

Here, the Court is unable to determine from the record the police policy in regard to the impoundment of vehicles, or the basis underlying police impoundment of Petitioner's vehicle in lieu of permitting the passenger to take custody of the truck as an alternative to impoundment. However, Petitioner does not argue, and the record does not reflect, that police unconstitutionally

placed him under arrest. In view of his lawful arrest, the search of the vehicle and seizure of items found therein nonetheless passes constitutional muster.

Prior to the United States Supreme Court's decision in *Arizona v. Gant*, 556 U.S. 332 (2009), under the "automobile exception" to the Fourth Amendment's Warrant Clause, the Sixth Circuit recognized as lawful searches of vehicles conducted incident to an arrest even where the arrestee did not have access to the passenger compartment of his car. *United States v. Lopez*, No. 6:06-120-DCR, 2009 WL 3112127, at *2 (E.D. Ky. Sept. 23, 2009) (citations omitted); *see United States v. Woodruff*, 830 F. Supp. 2d 390, 399 (6th Cir. 2011) ("Before *Gant,* "[t]he Sixth Circuit was among the legion of courts" that allowed "a vehicle search incident to the arrest of a recent occupant even if there was no possibility that the arrestee could gain access to the vehicle at the time of the search.") (citing *United States v. Buford*, 632 F.3d 264, 274 (6th Cir. 2011) (internal quotations omitted)). In *Gant,* however, the Supreme Court held that police may conduct a warrantless search of an automobile incident to arrest only where 'the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest.'" *United States v. Buford*, 632 F.3d 264, 267 (6th Cir. 2001) (citing *Gant*).[1] However, a "good faith" exception to exclusion of evidence applies to police searches of vehicles incident to arrest that were lawful prior to the Supreme Court's decision in *Gant*. See *United States v. Schuttpelz*, 467 F. App'x. 349, 353 (6th Cir. 2012) ("Both this Court in *Buford* and the Supreme Court in *Davis* [*v. United States*, -- U.S. --, 131 S.Ct. 2419 (2011)] have determined that evidence cannot be excluded under *Gant* where the Government's search was undertaken with reasonable reliance on existing

---

[1] *Gant* did not limit or eliminate the exception for a warrantless inventory searches. *United States v. Buchanan,* No. 3:14-00062, 2015 WL 247876, at *7 (M.D. Tenn. Jan. 20, 2015) (citing *Bryant v. DaSilva*, 582 F. App'x 56, 57 (2nd Cir. 2014)).

8

law at the time. *See also United States v. Sain*, 421 F. App'x. 591, 593 (6th Cir. May 3, 2011) (same) (citations omitted)).

Thus, regardless of whether the police improperly impounded Petitioner's vehicle or conducted an inventory search on that basis, police constitutionally searched the vehicle incident to his arrest under the law of this Circuit at that time. Acting in good faith reliance on the law prior to *Gant,* the firearm and drugs seized from Petitioner's car upon his lawful arrest would not have been excluded from evidence. Therefore, Petitioner has failed to establish the denial of the effective assistance of counsel based on his attorney's failure to file a motion to suppress evidence.

**Recommended Disposition**

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that this action be D**ISMISSED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b) (1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report*

*and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                s/ *Elizabeth A. Preston Deavers*
                                                ELIZABETH A. PRESTON DEAVERS
                                                UNITED STATES MAGISTRATE JUDGE